UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF KENTUCKY
OWENSBORO DIVISION

KEITH JIM BOYER                                                     PLAINTIFF

v.                                             CIVIL ACTION NO. 4:19-CV-P77-JHM

DAVIESS COUNTY DETENTION CENTER                    DEFENDANT

**MEMORANDUM OPINION AND ORDER**

      Plaintiff Keith Jim Boyer, proceeding *pro se* and *in forma pauperis*, initiated this 42 U.S.C. § 1983 action. This matter is before the Court for screening pursuant to 28 U.S.C. § 1915A and *McGore v. Wrigglesworth*, 114 F.3d 601 (6th Cir. 1997), *overruled on other grounds by Jones v. Bock*, 549 U.S. 199 (2007). For the following reasons, the complaint will be dismissed in part and allowed to continue in part.

**I. STATEMENT OF CLAIMS**

      Plaintiff, a pretrial detainee at the Daviess County Detention Center (DCDC), sues DCDC. His first claim is for denial of medication. He states that when he arrived at DCDC from a prison in Ohio he brought with him "critically needed medication[;] this medication must be taken daily due to life/death situation." He further states that he brought this medication "from out of town (already paid: by the Ohio state prison. This medication was denied to me. (I am being charged for medication under KY CARE)."

      Plaintiff's next claim pertains to overcrowded conditions at DCDC. He states that there are 47 men housed in an 18-man cell with only two toilets. He states that he sleeps on the floor and at night cannot get to the restroom without stepping on other inmates. He alleges that there should be "'boats'"[1] and sanitary living conditions. He further states that "[f]ood sits outside window on carts and served cold and not in timely manner on some occasions." He also states

---
[1] The Court presumes Plaintiff to be referring to a type of temporary bed.

that most meals are eaten on the floor.  As relief, he asks for monetary damages and injunctive relief in the form of being released by DCDC.

Plaintiff filed a letter (DN 6) not long after he filed his complaint, which the Court interprets to be an amended complaint.  *See* Fed. R. Civ. P. 15(a)(1)(A) ("A party may amend its pleading once as a matter of course within: . . . 21 days after serving it[.]").  He asks to add allegations in "regard to PREA [Prison Rape Elimination Act] conditions that take place in the protective custody cell B184."

The allegations in the amended complaint are that toilets are only 24 inches apart with no dividers and that to take a shower requires undressing in front of men using the toilet.  He states that it violates his privacy and his constitutional rights to have to take a shower and use the restroom in a cell that houses sex offenders.

Plaintiff further alleges:

> At times, there are people exposing their genitals in the dorm area to other inmates and doing sex acts in bed areas and also the same activitys are taking place in the restroom area and also the shower area.  This is an everyday activity that is taking place in B184 cell.  It is mentally and physically making me emotionaly distressed due to the sexual misconduct and abuse that is taking place on a daily basis[.]

## II. ANALYSIS

When a prisoner initiates a civil action seeking redress from a governmental entity, officer, or employee, the trial court must review the complaint and dismiss the action, if the Court determines that it is frivolous or malicious, fails to state a claim upon which relief may be granted, or seeks monetary relief from a defendant who is immune from such relief.  *See* 28 U.S.C. § 1915A(b)(1) and (2).  A claim is legally frivolous when it lacks an arguable basis either in law or in fact.  *Neitzke v. Williams*, 490 U.S. 319, 325 (1989).  The Court may, therefore, dismiss a claim as frivolous where it is based on an indisputably meritless legal theory or where

the factual contentions are clearly baseless. *Id.* at 327. When determining whether a plaintiff has stated a claim upon which relief can be granted, the Court must construe the complaint in a light most favorable to Plaintiff and accept all of the factual allegations as true. *Prater v. City of Burnside, Ky.*, 289 F.3d 417, 424 (6th Cir. 2002). While a reviewing court must liberally construe *pro se* pleadings, *Boag v. MacDougall,* 454 U.S. 364, 365 (1982) (per curiam), to avoid dismissal, a complaint must include "enough facts to state a claim to relief that is plausible on its face." *Bell Atl. Corp. v. Twombly*, 550 U.S. 544, 570 (2007).

*A. Medication claim*

DCDC, the only named Defendant, is not an entity subject to suit under § 1983. *Matthews v. Jones*, 35 F.3d 1046, 1049 (6th Cir. 1994). Rather, the claims against it are against Daviess County as the real party in interest. *Id*. ("Since the Police Department is not an entity which may be sued, Jefferson County is the proper party to address the allegations of Matthews's complaint."); *see also Smallwood v. Jefferson Cty. Gov't*, 743 F. Supp. 502, 503 (W.D. Ky. 1990) (finding that suit against fiscal court is actually suit against county itself).

When a § 1983 claim is made against a municipality, like Daviess County, a court must analyze two distinct issues: (1) whether the plaintiff's harm was caused by a constitutional violation; and (2) if so, whether the municipality is responsible for that violation. *Collins v. City of Harker Heights, Tex.*, 503 U.S. 115, 120 (1992). The Court will address the issues in reverse order.

"[A] municipality cannot be held liable *solely* because it employs a tortfeasor – or, in other words, a municipality cannot be held liable under § 1983 on a *respondeat superior* theory." *Monell v. N.Y.C. Dep't of Soc. Servs.*, 436 U.S. 658, 691 (1978) (emphasis in original); *Searcy v. City of Dayton*, 38 F.3d 282, 286 (6th Cir. 1994); *Berry v. City of Detroit*, 25 F.3d 1342, 1345

3

(6th Cir. 1994). "[T]he touchstone of 'official policy' is designed 'to distinguish acts of the *municipality* from acts of *employees* of the municipality, and thereby make clear that municipal liability is limited to action for which the municipality is actually responsible.'" *City of St. Louis v. Praprotnik*, 485 U.S. 112, 138 (1988) (quoting *Pembaur v. Cincinnati*, 475 U.S. 469, 479-80 (1986)) (emphasis in *Pembaur*).

A municipality cannot be held responsible for a constitutional deprivation unless there is a direct causal link between a municipal policy or custom and the alleged constitutional deprivation. *Monell*, 436 U.S. at 691; *Deaton v. Montgomery Cty., Ohio*, 989 F.2d 885, 889 (6th Cir. 1993). Simply stated, the plaintiff must "'identify the policy, connect the policy to the city itself and show that the particular injury was incurred because of the execution of that policy.'" *Garner v. Memphis Police Dep't*, 8 F.3d 358, 364 (6th Cir. 1993) (quoting *Coogan v. City of Wixom,* 820 F.2d 170, 176 (6th Cir. 1987), *overruled on other grounds by Frantz v. Vill. of Bradford*, 245 F.3d 869 (6th Cir. 2001)). The policy or custom "must be 'the moving force of the constitutional violation' in order to establish the liability of a government body under § 1983." *Searcy*, 38 F.3d at 286 (quoting *Polk Cty. v. Dodson*, 454 U.S. 312, 326 (1981) (citation omitted)); *Bd. of Cty. Comm'rs of Bryan Cty., Okla. v. Brown*, 520 U.S. 397, 404 (1997) (indicating that plaintiff must demonstrate "deliberate conduct").

Reading the complaint liberally, the Court finds Plaintiff has alleged a DCDC custom or policy of denying him medication provided by an Ohio state prison. The Court further finds that Plaintiff has alleged that denying him his medicine is deliberate indifference to a serious medical need. This claim will be allowed to continue against Daviess County as the real party in interest.

4

### B. Overcrowded conditions and cold food

Plaintiff alleges that overcrowding at DCDC results in not enough toilets, beds, or tables to eat meals for the inmates. He further alleges that meals are sometimes served late and cold.

The Eighth Amendment's protection against cruel and unusual punishment extends to pretrial detainees through the Fourteenth Amendment's Due Process Clause, *see Whitley v. Albers*, 475 U.S. 312, 327 (1986), and thus claims by pretrial detainees challenging conditions of confinement are analyzed under the Eighth Amendment. *See Thompson v. Cty. of Medina*, 29 F.3d 238, 242 (6th Cir. 1994). However, overcrowding in a prison is not itself a violation of the Constitution. *Rhodes v. Chapman*, 452 U.S. 337, 347-48 (1981). Overcrowding conditions can be restrictive and even harsh; however, they do not violate the Eighth Amendment unless they deprive the inmate of the minimal civilized measure of life's necessities. *Id*. at 348.

Plaintiff's allegations that DCDC is crowded and that inmates must eat and sleep on the floor are not deprivations of the minimal civilized measure of life's necessities. *See, e.g.*, *Agramonte v. Shartle*, 491 F. App'x 557, 559-60 (6th Cir. 2012) (finding that plaintiff's allegations that the number of toilets, showers, wash basins, and showers had not increased with the increased population, that there were lines to use the bathrooms and showers, and that there were no comfortable places to sit to watch television or write letters failed to state an overcrowding claim because plaintiff failed to allege an unconstitutional denial of basic needs); *Hubbard v. Taylor*, 538 F.3d 229, 235 (3d Cir. 2008) (forcing pretrial detainees to sleep on a floor mattress for three to seven months due to overcrowding is not a constitutional violation); *Edwards v. Warren Cty. Reg'l Jail*, No. 1:17-CV-P137-GNS, 2018 WL 445115, at *4 (W.D. Ky. Jan. 16, 2018) (finding that "a prisoner has no right to sleep on an elevated bed").

Nor does Plaintiff state a claim related to being served cold food. *Dean v. Campbell*, 156 F.3d 1229 (6th Cir. 1998) (holding, *inter alia*, that a prisoner being served cold meals is not a constitutional violation); *Cunningham v. Jones*, 567 F.2d 653, 659-60 (6th Cir. 1977) ("[A] complaint about the preparation or quality of prison food . . . would generally be far removed from Eighth Amendment concerns[.]"). These claims will be dismissed for failure to state a claim upon which relief may be granted.

## C. Lack of privacy

Plaintiff alleges that he and the other inmates must use the toilet and shower in sight of each other. It is clear from the complaint that the other inmates are men, but that some of them are, according to Plaintiff, sex offenders.

Although prisoners may retain reasonable expectations of bodily privacy in prison, such rights are necessarily curtailed due to the fact of confinement. *Comwell v. Dahlberg*, 963 F.2d 912, 916 (6th Cir. 1992). This limited right to privacy, among other things, "protects [prisoners] from being forced unnecessarily to expose their bodies to guards of the opposite sex." *Kent v. Johnson*, 821 F.2d 1220, 1227 (6th Cir. 1987). Thus, "a prison policy forcing prisoners to . . . be exposed to regular surveillance by officers of the opposite sex while naked – for example while in the shower or using a toilet in a cell – would provide the basis of a claim on which relief could be granted." *Mills v. City of Barbourville*, 389 F.3d 568, 579 (6th Cir. 2004). "In contrast, accidental viewing of a prisoner's naked body by a prison guard of the opposite sex is not a constitutional violation." *Jones v. Lawry*, No. 2:19-CV-49, 2019 WL 2482361, at *7 (W.D. Mich. June 14, 2019).

Here, Plaintiff does not allege that his naked body has been seen by anyone of the opposite sex, even accidentally. Instead, Plaintiff complains that he and other male inmates must

use the toilet and shower in view of each other. This situation is a far cry from forced exposure of his body to members of the opposite sex and fails to state a constitutional violation.

To the extent that Plaintiff's claim is that he should not be housed with sex offenders or is based on having to observe other inmates' sexual behavior, Plaintiff fails to state a constitutional claim because he does not allege any harm to him from this situation. "A speculative injury does not vest a plaintiff with standing[.]" *King v. Deskins*, No. 99-6381, 2000 WL 1140760, at *2 (6th Cir. Aug. 8, 2000); *Slone v. Noe*, No. CIV.A. 2:12-117-DCR, 2012 WL 6691583, at *4 (E.D. Ky. Dec. 21, 2012) ("Slone also complains that he was placed in a cell with either sex offenders or non-sex offenders, but he does not allege any actual injury from his cell assignment[.]"). Further, Plaintiff may not recover damages for mental or emotional injury without a showing of physical injury. *See* 42 U.S.C. § 1997e(e) ("No Federal civil action may be brought by a prisoner confined in a jail, prison, or other correctional facility, for mental or emotional injury suffered while in custody without a prior showing of physical injury[.]"). This claim likewise will be dismissed.

### D. *Failure-to-protect claim*

Plaintiff alleges that people, presumably other inmates, "expose their genitals in the dorm area to other inmates and doing sex acts in bed areas and also the same activitys are taking place in the restroom area and also the shower area." He asserts that such conduct "mentally and physically making me emotionaly distressed." The Court construes this allegation as asserting a claim for deliberate indifference to Plaintiff's safety, also known as a "failure-to-protect claim."

The Eighth Amendment imposes a duty on prison officials to protect "prisoners from violence at the hands of other prisoners." *Bishop v. Hackel*, 636 F.3d 757, 766 (6th Cir. 2011) (quoting *Farmer v. Brennan*, 511 U.S. 825, 833 (1994)). Due to this protection, a convicted

7

prisoner may assert a "cognizable constitutional claim for deliberate indifference to an inmate's safety." *Id*.

Because Plaintiff is a pretrial detainee, however, the source of his constitutional protection in this circumstance is not the Eighth Amendment, but the Due Process Clause of the Fourteenth Amendment. *Richmond v. Huq*, 885 F.3d 928, 937 (6th Cir. 2018). Nonetheless, the Sixth Circuit "has historically analyzed Fourteenth Amendment pretrial detainee claims and Eighth Amendment prisoner claims 'under the same rubric.'" *Id*. (quoting *Villegas v. Metro Gov't of Nashville*, 709 F.3d 563, 568 (6th Cir. 2013)).

To state a claim against a prison official for deliberate indifference to his safety, Plaintiff must satisfy both an objective and subjective component. *Bishop*, 636 F.3d at 766. The objective component requires Plaintiff to allege that he was incarcerated under conditions posing a substantial risk of serious harm. *Id*. For the subjective component, Plaintiff must also allege that a prison official "acted with 'deliberate indifference' to inmate health or safety," *id*. (quoting *Farmer*, 511 U.S. at 834), meaning that the official "kn[ew] of and disregard[ed] an excessive risk to inmate health or safety." *Id*. at 766–67 (quoting *Farmer*, 511 U.S. at 837).

Plaintiff alleges that other inmates have exposed themselves and engaged in "sex acts." While certainly undesirable, Plaintiff allegations do not show that he was incarcerated in conditions posing a substantial risk of serious harm to him. *See, e.g.*, *Cable v. Wall*, No. CIV.A. 09-439 ML, 2010 WL 1486494, at *6 (D.R.I. Mar. 18, 2010), *report and recommendation adopted*, No. CA09-439 ML, 2010 WL 1531374 (D.R.I. Apr. 13, 2010) ("[A]lthough plaintiff's experience of having inmates talk dirty to him and masturbate while watching him must have been unpleasant, such experience does not amount to the serious deprivation required to rise to an Eighth Amendment claim."). As the conduct Plaintiff describes does not qualify as

objectively serious under the Eighth Amendment, his claim that he should be shielded from such behavior does not state a cognizable claim.[2]

### E. PREA claim

Although not addressed in the Sixth Circuit, several district courts, including the Western District of Kentucky, have found that the PREA, 42 U.S.C. § 15601 *et seq.*, "does not create a private cause of action which can be brought by an individual plaintiff." *Sublett v. Henson*, No. 5:16CV-P184-TBR, 2017 WL 1660126, at *5 (W.D. Ky. Apr. 27, 2017); *see also Peterson v. Burris*, No. 14-cv-13000, 2016 WL 67528, at *2 (E.D. Mich. Jan. 6, 2016) (finding that the magistrate judge "did not err in her determination that the PREA does not provide prisoners with a private right of action"); *Chapman v. Willis*, No. 7:12-CV-00389, 2013 WL 2322947, at *4 (W.D. Va. May 28, 2013) ("There is no basis in law for a private cause of action under § 1983 to enforce a PREA violation."); *Holloway v. Dep't of Corr.*, No. 3:11VCV1290(VLB), 2013 WL 628648, at *2 (D. Conn. Feb. 20, 2013) ("There is nothing in the PREA that suggests that Congress intended it to create a private right of action for inmates to sue prison officials for non-compliance to the Act."). Thus, to the extent that Plaintiff is attempting to raise a claim under the PREA, such claim must be dismissed.

### F. Injunctive relief

Since filing his complaint, Plaintiff has been transferred to another prison. Therefore, any request for injunctive relief is rendered moot. *See Kensu v. Haigh*, 87 F.3d 172, 175 (6th Cir. 1996) ("[T]o the extent Kensu seeks declaratory and injunctive relief his claims are now moot as he is no longer confined to the institution that searched his mail."); *see also Parks v.*

---

[2] In addition, even if Plaintiff could demonstrate that he was incarcerated under conditions imposing a substantial risk of harm, he has failed to allege any facts which demonstrate that Defendant knew of and disregarded that risk. *See Sapp v. Daviess Cty. Det. Ctr.*, No. 4:18-CV-P153-JHM, 2018 WL 5892373, at *5 (W.D. Ky. Nov. 9, 2018).

*Reans*, 510 F. App'x 414, 415 (6th Cir. 2013) (per curiam) ("A prisoner's request for injunctive and declaratory relief is moot upon his transfer to a different facility.").

### III. CONCLUSION AND ORDER

For the foregoing reasons,

**IT IS ORDERED** that Plaintiff's claims related to overcrowding, prison food, lack of privacy, failure to protect, PREA, and injunctive relief are **DISMISSED** pursuant to 28 U.S.C. § 1915A(b)(1) for failure to state a claim upon which relief may be granted.

The Court will enter a separate Order Directing Service and Scheduling Order to govern the development of the remaining claim, *i.e.*, Plaintiff's claim related to the denial of his medication. In allowing this claim to continue, the Court expresses no opinion on its ultimate merit.

Date: October 16, 2019

Joseph H. McKinley Jr., Senior Judge
United States District Court

cc: Plaintiff, *pro se*
Defendant
Daviess County Attorney
4414.009